## John A. Schreiner, Appellant, v. John Maring, Appellee.

### Gen. No. 5421.

Verdicts—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Assumpsit. Appeal from the Circuit Court of Carroll county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

John D. Turnbaugh, for appellant.

McMahon & Rogers, for appellee; F. J. Stransky, of counsel.

Mr. Justice Dibell delivered the opinion of the court.

Schreiner sued Maring in the Circuit Court and filed the common counts in *assumpsit;* Maring filed the general issue and a plea of payment; there was a jury trial and a verdict and a judgment for defendant, from which plaintiff appeals. At the close of plaintiff's term as a tenant in the spring of 1910, he had a field of thirty acres of unhusked corn under a foot of snow. His lease required him to husk this corn and deliver one-half thereof to his landlord. Defendant was to succeed plaintiff as tenant and was moving in. Plaintiff did not wish to come back to husk this corn after the snow was gone. Plaintiff and defendant made an oral contract by which defendant was to husk all the corn, deliver one half to the landlord and become the owner of the other half. Afterwards they disagreed as to the amount which defendant was to pay plaintiff under this contract. Plaintiff introduced evidence tending to show that after coming down from a higher

price plaintiff said he would take $25 per acre for this corn; that defendant asked if that meant $12.50 per acre for his share; that plaintiff replied that it did and that this included husking and cribbing the landlord's share; and that they made a bargain on the basis that defendant should pay plaintiff $12.50 for plaintiff's share of each of the thirty acres. Defendant introduced evidence tending to show that the agreement was that he was to pay plaintiff $12.50 per acre for plaintiff's fifteen acres, and in addition husk and crib the landlord's fifteen acres.

Defendant's contention was supported by two witnesses and the plaintiff's by only one, while the burden of proof was upon the plaintiff to prove the contract he alleged. The jury believed the two witnesses for the defendant rather than the one for the plaintiff, and the trial judge approved that conclusion. We do not feel required to disturb the conclusion of the jury in favor of defendant on this subject, supported by the numerical preponderance of the proof.

If defendant's version of the price agreed to be paid for the corn is correct, the amount was $187.50. Defendant also owed plaintiff $35 for hay, which would make a total of $222.50. Defendant deposited that sum in a neighboring bank in the name of plaintiff and took a certificate of deposit for that amount payable to plaintiff. The parties met on the highway, figured up the amount due from defendant to plaintiff, found it to be $222.50 and defendant delivered said certificate of deposit to plaintiff and plaintiff accepted it and went on his way. Plaintiff was not obliged to accept a certificate of deposit but could have demanded the cash in legal tender. He did not call for money or object to the certificate of deposit and we do not doubt that he then accepted the certificate as equivalent to cash. After the parties separated plaintiff concluded that he should have received $12.50 for his share in each of the thirty acres, or $375, besides the hay, $35,

or a total of $410, and several hours later he telephoned defendant that there was a mistake in figuring, and on the second day thereafter he came to defendant and offered back the certificate of deposit. Defendant refused to receive it, and plaintiff threw it upon the ground and went away, and the certificate blew into a hedge and apparently has never since been seen. If the certificate was for too small an amount by mistake, plaintiff had a right to return it, but the verdict of the jury means that it was for the right amount. If it was for the right amount, then plaintiff, having once accepted it as cash, could not afterward compel defendant to take it back. It was not because it was not money that plaintiff offered it back, but because, as he insisted, it was for too small an amount. An officer of the bank testified that the money was still in the bank to the credit of plaintiff. The solvency and responsibility of the bank were not questioned. Plaintiff has only to satisfy the bank that the certificate is not assigned and is lost or destroyed and the deposit is at his disposal. When the jury found that the certificate was for the true amount due, that before this suit was brought it was accepted by plaintiff as payment, and that it was and is in fact good for the mount named therein, a verdict for defendant was the necessary result. We therefore think it unnecessary to discuss the instructions further than to say that in our opinion plaintiff was not injured by any imperfections therein.

The judgment is therefore affirmed.

*Affirmed.*